McGuire *v.* Keeler.

# City Court.

### Trial Term—January, 1886.

## ELIZABETH McGUIRE *against* JENNIE M. KEELER
#### ET AL.

The legatees under a will consented that the executrix have the use of her rooms without rent. Upon the accounting before the surrogate, he held the agreement invalid, and charged the executrix with rent. In an action on the agreement by the executrix against the legatees to recover damages. *Held,* that the adjudication by the surrogate was a bar to the action.

Trial by the court without a jury.

*Samuel J. Adams,* for plaintiff.

*J. J. Brady* and *E. K. Sackett,* for defendants.

McADAM, Ch. J.—Eleanor Mulligan departed this life at the city of New York, December 18, 1881, leaving a will in and by which the plaintiff and Jennie M. Keeler, one of the defendants, were named as executrices. They subsequently qualified and entered upon the execution of their trust. The testatrix, at the time of her death, owned the household premises, No. 531 Sixth avenue, which, by the terms of the will, passed to the five grandchildren of the testatrix.

The grandchildren (legatees under the will), to avoid the employment of a real estate agent to collect the rents, and to induce the plaintiff, as executrix, to do this work in person, executed a writing dated January 4, 1882, in and by which " they consented " that the plaintiff might thereafter occupy the south side of the third floor of said house,

"free of rent," on condition that the plaintiff in person collected the rents from the other portions of said premises.

Under this agreement, the plaintiff collected the rents and occupied the portion of the premises assigned to her as aforesaid.

Upon rendering her final account to the surrogate, the plaintiff, acting upon the authority of the agreement executed by the legatees, did not charge herself with the rent of the rooms she occupied.

The infant legatees (by their guardian) filed objections to the account, claiming the plaintiff should be charged with the rent of said rooms.

The auditor to whom the accounting was referred held that the agreement executed by the legatees was null and void. The surrogate in all things confirmed this report, and, in the final decree which he made, charged the plaintiff with the rental value of the rooms she occupied, fixing the amount at $394.50, which sum the plaintiff was in consequence obliged to pay.

The binding force of the agreement executed by the legatees was directly brought to issue before the surrogate, and his decision, holding it to be null and void, is conclusive on the subject, as to the parties to this litigation, all of whom were parties to the surrogate's adjudication (Neilley *v.* Neilley, 89 *N. Y.* 353). If the agreement was invalid against the estate merely as allowing the executrix a greater compensation than the statute commissions, yet valid in any form against the legatees, or any of them, individually, under the rule laid down in Collier *v.* Munn (41 *N. Y.* 143), the surrogate might have enforced the contract, so far as legal, against the individual interest of the legatees; in other words, he might have treated the agreement valid as a waiver by the adult legatees (at least) of their proportionate part of the rental of the rooms, by deducting so much from the distributive share; but the decree which the surrogate made went to the extent of holding the agreement null and void, and the

accounting proceeded as if no such agreement had ever been made.

The adult legatees did not repudiate the agreement, but the infant legatees, by their guardian, did repudiate.

The paper executed by the legatees contains no express covenant or guaranty, and no provision for indemnity. It is the nature of a license,—or, to use its own term, " a consent,"—which was calculated to discharge rather than create a personal liability on their part.

The decision made by the surrogate is not open to review in this collateral manner, but must be taken as final and conclusive.

It follows that the plaintiff has no cause of action to recover back the money paid, and that there must be judgment in favor of the defendants.

Affirmed on appeal by general term.